JODI LINKER, Bar Number 230273
Federal Public Defender
Northern District of California
TAYLOR FATHERREE, Bar Number 358709
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: Taylor_Fatherree@fd.org

Counsel for Yoni CRUZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> YONI CRUZ, <br><br> Defendant. | **Case No.:** CR 25–8 JSC <br><br> **DEFENDANT'S SENTENCING MEMORANDUM** <br><br> **Court:** Courtroom 8, 19th Floor <br> **Hearing Date:** January 29, 2025 <br> **Hearing Time:** 10:00 a.m. |

**INTRODUCTION**

Yoni Cruz comes before this Court for a jointly requested combined change of plea and sentencing in a case involving street-level drug sales and possession. For this low-level drug activity, he will sustain an aggravated felony conviction and near-certain deportation. Originally from a Yoro, Honduras, Mr. Cruz came to the United States due to economic hardship and violence in his home country. Much like many people living in Honduras, he grew up in poverty with scarce resources, forcing him to work in the fields from the age of thirteen or fourteen. He left school after sixth grade to do so.

In 2021, after experiencing gang violence in his hometown, Mr. Cruz traveled to Tegucigalpa and began to work and save money for a journey to the United States. He later took a bus to Guatemala and eventually Mexico, where he worked for a year to save money to cross into the United States.

After a difficult crossing in 2023, Mr. Cruz had trouble finding work. He worked helping remodel houses for a time, but was unable to maintain steady work, and eventually began to entertain the idea of drug sales. That is what now brings him before this Court. Mr. Cruz no prior convictions. He has two drug arrests aside from this case, in March and June of 2024. This will be Mr. Cruz's first conviction and first felony. He will face substantial immigration consequences as a result. He will not only be subject to near-certain deportation back to Honduras, but will be ineligible for numerous avenues of relief in immigration proceedings and will become permanently inadmissible to the United States in the future.

Mr. Cruz takes responsibility for his actions and very much regrets any resulting harm. He intends to plead guilty at the hearing scheduled for January 29th and requests that the Court impose sentence on that same date. He respectfully requests that the Court impose the parties' agreed-upon sentence of time served plus one business day to be followed by three years of supervised release, a special search condition, and a stay-away order from the Tenderloin. In light of the proposed disposition, he requests that the Court decline to order preparation of a Presentence Report, pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A)(ii). Such a sentence is appropriate based on the factors delineated in 18 U.S.C. § 3553(a).

# ARGUMENT

**I.   A Sentence Of Time Served Plus One Business Day Would Be Sufficient But Not Greater Than Necessary To Achieve The Sentencing Goals Of § 3553(a)**

In sentencing Mr. Cruz, this Court must consider all the directives set forth in 18 U.S.C. § 3553(a); the Guidelines are only one factor among many to be considered by the Court. *See United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). "The overarching statutory charge for a district court is to impose a sentence sufficient, but not greater than necessary" to achieve the goals of § 3553(a). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotations omitted). Those goals include the need to: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; (5) protect the public from further crimes of the defendant; and (6) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a)(2). Section 3553(a) also directs the Court to consider a number of additional factors, including: the nature and circumstances of the offense, § 3553(a)(1); the history and characteristics of the defendant, § 3553(a)(1); the kinds of sentences available, § 3553(a)(3); the sentencing guideline range, § 3553(a)(4); pertinent Sentencing Commission policy statements, § 3553(a)(5); the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and the need to provide restitution to any victims of the offense, § 3553(a)(7).

Pursuant to the plea agreement in this matter, the parties have agreed to a final offense level of 19. This calculation stems from a base offense level of 24 with a 3-level reduction for acceptance of responsibility and a 2-level reduction for Mr. Cruz having zero criminal history points. *See* Plea Agreement ¶ 6. The resulting advisory Guidelines range is 30-37 months.

**A.   The nature and circumstances of the offense**

Mr. Cruz was arrested on January 6, 2025 as part of the government's Fast Track initiative targeting cases arising in the Tenderloin for federal prosecutions. Like in many of these cases, Mr. Cruz was arrested for relatively minor drug quantities. Absent the initiative, such a case would normally be prosecuted in state court.

Mr. Cruz was making small drug sales in the Tenderloin and sold $20.00 worth of

methamphetamine (2.5 grams) to an undercover police officer. Officers subsequently arrested Mr. Cruz and a person that Mr. Cruz took the drugs from when making the sale. The police found on that person 17.1 grams of methamphetamine, 2.3 grams of cocaine base, and 39.2 grams of fentanyl. The quantities used by the parties in the plea agreement represent gross weights that include the weight of packaging, so the net weight of the drugs would be even less. Mr. Cruz was immediately cooperative with the police. This was a street-level drug offense that did not involve violence, weapons, or other aggravating factors.

Mr. Cruz understands that circulating these substances can lead to serious and tragic consequences. At the same time, Mr. Cruz was not a sophisticated drug trafficker. His involvement in the trade was borne out of a lack of economic opportunity and did not result in significant enrichment. Mr. Cruz possessed a small amount of drugs even as compared to other street-level dealers. Comparatively, Mr. Cruz's offense is relatively minor, and does not warrant additional time in custody.

Mr. Cruz took the earliest possible opportunity to waive indictment and plead guilty to the charged offense. The Court should take into consideration such timely and extraordinary acceptance of responsibility.

**B.      The history and characteristics of Mr. Cruz[1]**

By now, the Court is no doubt familiar with the widespread poverty, lack of opportunity, and violence that plagues people living in Honduras and that has caused many of them to travel to the United States in search of a better life. Mr. Cruz's life and background presents yet another example of this same sad pattern. He was born in El Yoro, Honduras, and raised by loving but extremely poor parents. As a child, Mr. Cruz had limited clothing, and although he always had food, there was not always enough. Mr. Cruz left school after sixth grade to help his family working in the fields. As an adult, he was attacked by a gang in his hometown in an attempt to force him to work with them.

Mr. Cruz has no convictions but two prior arrests. This is his first time in the United States. It is

---

[1] Because of the parties' requested expedited sentencing in this matter, there has been no pre-sentence interview. To assist the Court, undersigned counsel will include in this section information normally obtained in a pre-sentence interview.

a virtual certainty that Mr. Cruz will be deported after this case resolves. After his expected deportation, Mr. Cruz plans to live outside of his hometown. He plans to find construction or remodeling work. He will also reconnect with his family in the country.

The immigration consequences from this case for Mr. Cruz will extend beyond deportation. This conviction is an aggravated felony for immigration purposes and will foreclose possible pathways for Mr. Cruz to remain in the United States. He understands that he will be vulnerable to serious penalties if he returns to the country. Additionally, the whole purpose of Mr. Cruz coming to the United States, economic opportunity, has been frustrated. He has found it difficult to sustain gainful employment, and now faces major consequences for trying to make money illegally. Although the parties have agreed that a time-served sentence is appropriate in this case, Mr. Cruz will spend an indeterminate amount of time in ICE custody awaiting deportation. He has no desire to subject himself to such circumstances again, especially with the possibility of a significant prison sentence prior to deportation.

For all the reasons set forth above, Mr. Cruz respectfully requests that the Court impose the parties' agreed-upon sentence of time served plus one business day. He does not have any financial assets and therefore is requesting that any fine be waived. Such a sentence is sufficient but not greater than necessary to achieve the sentencing goals laid out in § 3553(a).

Dated:    January 27, 2025          Respectfully submitted,

                                    JODI LINKER
                                    Federal Public Defender
                                    Northern District of California

                                           /S
                                    TAYLOR FATHERREE
                                    Assistant Federal Public Defender